JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6513 PA (AJWx) | Date | August 31, 2016 |
|---|---|---|---|
| Title | Providence Health System-Southern California, et al. v. GRM Info. Mgmt. Sys. Inc., et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant GRM Information Management Systems, Inc. ("Defendant") on August 30, 2016.  Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Providence Health System-Southern California, Providence Saint John's Health Center, and Providence Little Company of Mary Medical Institute (collectively "Plaintiffs") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-6513 PA (AJWx) | Date | August 31, 2016 |
|---|---|---|---|
| Title | Providence Health System-Southern California, et al. v. GRM Info. Mgmt. Sys. Inc., et al. | | |

citizens."); <u>Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.</u>, 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); <u>Handelsman v. Bedford Village Assocs., Ltd. P'ship</u>, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998); <u>TPS Utilicom Servs., Inc. v. AT & T Corp.</u>, 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

The Notice of Removal alleges that Defendant is "a New Jersey LLC with its principal place of business in Jersey City, New Jersey." (Notice of Removal ¶ 8.) The Notice does not identify Defendant's members, much less state their states of citizenship. Instead, Defendant has alleged its citizenship as if it were a corporation, and even this allegation is insufficient because Defendant has failed to allege its state of incorporation. A defendant is presumed to know the facts surrounding its own citizenship. <u>See, e.g.</u>, <u>Dugdale v. Nationwide Mut. Fire Ins. Co.</u>, No. Civ. A. 4:05 CV 138, 2006 WL 335628, at *5 (E.D. Va. Feb. 14, 2006) ("[A]lthough . . . a defendant need not investigate a plaintiff's citizenship, certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship."); <u>Day v. Zimmer, Inc.</u>, 636 F. Supp. 451, 453 (N.D.N.Y. 1986) (finding that, even if plaintiff misidentifies a defendant's address, "obviously defendant is in the best position to know its residence for diversity purposes"). As a result, Defendant's allegations concerning its own citizenship are insufficient to invoke this Court's diversity jurisdiction. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." <u>Kanter</u>, 265 F.3d at 857.

Even if Defendant had properly alleged its citizenship, which it has not, it must also establish that the amount in controversy exceeds $75,000. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. <u>Gaus</u>, 980 F.2d at 566 (citing <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." <u>Id.</u> at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

Here, the Complaint is silent as to the amount in controversy. The Notice of Removal alleges only that the "amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and pursuant to 28 U.S.C. § 1332(a), the amount necessary for removal is satisfied." (Notice of

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6513 PA (AJWx) | Date | August 31, 2016 |
|---|---|---|---|
| Title | Providence Health System-Southern California, et al. v. GRM Info. Mgmt. Sys. Inc., et al. | | |

Removal ¶ 11.)  This conclusory allegation, which is not supported by any evidence, is insufficient to meet Defendant's burden to overcome the "strong presumption" that Plaintiffs have not claimed an amount sufficient to confer jurisdiction.  Gaus, 980 F.2d at 566.  As a result, Defendant has failed to establish this Court's diversity jurisdiction.

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action.  Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. BC629496 for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.